UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSE A. RIVERA                                                   12-cv 1379 (PAC)

                                Plaintiff
  -against-                                                                      FOURTH AMENDED
                                                              COMPLAINT
                                                              PLAINTIFFS DEMAND
THE CITY OF NEW YORK                                          TRIAL BY JURY
POLICE OFFICER CARLOS ALVAREZ TAX ID #
942945, POLICE OFFICER CURTIS WILLIAMS, SH. #
10265,SGT. JOSEPH STRANO,
DANIEL JARVIS, ANTHONY KRUITHOFF  POLICE OFFICER
JOHN DOE 1-10 VFW POST 5195,
JOHN DOE 1-5 and JOHN DOE 6-10

                                Defendants
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested, falsely imprisoned, assaulted and severely injured the plaintiff, JOSE A. RIVERA a Hispanic male. In this action, the plaintiff was falsely arrested and charged with a violation , PL 240.20. He suffered serious and severe personal injuries, the full nature and extent have yet to be determined.. The plaintiff did not consent to the confinement and it was not otherwise privileged.. On or about the 27th day of March, 2012, the matter was adjourned in contemplation of dismissal before Judge Alex Calabrese of the Criminal Court of the City of New York and County of Kings. By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated his rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and New York State law.

In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of, assault, false arrest, false imprisonment and the intentional infliction of mental & emotional distress against the individual defendant police officers. .In addition claims under New York State General Obligations Law 11-101 (1) and related causes of action are asserted.  These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b)

**PARTIES**

4. That at all times hereinafter mentioned, the plaintiff JOSE A. RIVERA was and still is a resident of the City & State of New York.

5. Upon information and belief the defendant THE CITY OF NEW YORK was and is a

municipal corporation organized and existing under the laws of the City and State of New York.

      6. That the defendant Police Officer CARLOS ALVAREZ, Tax ID # 942945 was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

      7. That the defendant Police Officer CURTIS WILLIAMS, Sh. # 10265 was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

      8. That the defendant SGT. JOSEPH STRANO was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

      9. That the defendant DANIEL JARVIS was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

      10. the defendant DANIEL JARVIS was and is a resident of the County of Kings, City & state of New York

      10. That ANTHONY KRUITHOFF was and is a resident of the County of Kings, City & state of New York.

      11. That ANTHONY KRUITHOFF was an agent, servant and employee of the defendant VFW 5195..

      12. That the defendants POLICE OFFICERS JOHN DOE 1-10 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

      13. That VFW POST 5195 is a domestic corporation.

      14. That VFW Post 5195 is a foreign corporation transacting business in the County of Kings, City & state of New York

      15. That VFW Post 5195 is an unincorporated association transacting business in the

County of Kings & state of New York

16. That VFW Post 5195 is engaged in the business of selling alcoholic beverages to members of the general public

17. That John Doe 1-5 were agents, servants and employees of VFW Post 5195.

18. That John Doe 6-10 were patrons of VFW Post 5195.

## STATEMENT OF RELEVANT FACTS

19. That on or about the 5th day of February, 2012, the plaintiff was lawfully at or near 325 Van Brunt Street, County of Kings, City & state of New York.. The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

20. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, injured and arrested by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to CARLOS ALVEREZ, CURTIS WILLIAMS and POLICE OFFICER JOHN DOE 1-10

21. That the plaintiff was wrongfully incarcerated and his injuries required treatment at Long Island College Hospital. The false charges brought against the plaintiff by the defendants included but were not limited to violation of New York state Penal Law 240.20, Disorderly Conduct..The summons number was 431667138-8 in the Criminal Court of the City of New York & county of Kings..

22. While the plaintiff was being held, his designated " arresting officer" Carlos Alverez, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

23. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

24. Upon information and belief, defendants misrepresented to the Kings County District Attorney's Office and the Criminal Court of the City of New York that the plaintiff had committed the offense of the violation of Penal Law 240.20, Disorderly Conduct. Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest.

25. That on or about March 27, 2012, the case was adjourned in contemplation of dismissal before Judge Alex Calabrese in the Criminal Court of the City of New York & County of Kings.

26. That by reason of the foregoing the plaintiff suffered wrongful incarceration, loss of liberty, and suffered serious and severe personal injuries, loss of time from his employment, was forced to spend money on medial treatment and will be so compelled in the future, was confined to Long Island College Hospital for periods of time, had pain and suffering, suffered psychological injuries some of which, upon information & belief are permanent in nature.

## FIRST CLAIM FOR ASSAULT AGAINST THE CITY OF NEW YORK AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

27. Plaintiff repeats the foregoing allegations.

28. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

29. Despite the innocence of the plaintiff, the defendants assaulted him and used excessive force and or failed to intervene to prevent said assault and or excessive force.

30. Accordingly, defendant are labile to plaintiff.

## SECOND CLAIM OF FALSE ARREST AND IMPRISONMENT UNDER STATE LAW AGAINST THE CITY OF NEW YORK AND THE INDIVIDUALLY NAMED POLICE OFFICERS

31. Plaintiff repeats the foregoing allegations

32. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

33. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

34. Accordingly, defendant are liable to plaintiffs under New York State for false arrest and imprisonment, as per the Fourth Amendment.

### THIRD CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

35. Plaintiff repeats the foregoing allegations

36. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

37. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

38. Defendant's actions in making false allegations against the plaintiff ,in injuring him, in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

39. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intensional infliction of mental distress.

### FOURTH CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

40. Plaintiff repeats the foregoing allegations

41. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

42. Despite the innocence of the plaintiff, the defendants assaulted and arrested him and or failed to intervene to prevent said false arrest.

43. Defendant's actions in making false allegations against the plaintiff ,in injuring him, in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society

which has caused the plaintiff emotional distress.

44. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress.

## FIFTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

45. Plaintiff repeats the foregoing allegations

46. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest assault, excessive force, summary punishment without trial & due process of law.

47. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

## SIXTH CLAIM- MONELL VIOLATION

48. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

49. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

50. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

51. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD, and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

52. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

53. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

54. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

55. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

56. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

57. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

58. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

59. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

60. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM FOR ASSAULT AGAINST VFW POST 5195 and ITS AGENTS, SERVANTS AND EMPLOYEES

61. Plaintiff repeats the foregoing allegations.

62. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

63. Despite the innocence of the plaintiff, the defendants VFW POST 5195 and its agents, servants and employees, including but not limited to JOHN Doe 1-5 assaulted him and used excessive force and or failed to intervene to prevent said assault and or excessive force.

64. Accordingly, defendants are liable to plaintiff.

## EIGHTH CLAIM OF FALSE ARREST AND IMPRISONMENT UNDER STATE LAW AGAINST VFW POST 5195 and ITS AGENTS SERVANTS AND EMPLOYEES

65. Plaintiff repeats the foregoing allegations

66. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

67. Despite the innocence of the plaintiff, the defendants VFW POST 5195 and its agents, servants and employees including but not limited to John Doe 1-5 arrested him and or failed to intervene to prevent said false arrest.

68. Accordingly, defendant are labile to plaintiffs under New York State for false arrest and imprisonment, as per the Fourth Amendment.

## NINTH CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST VFW POST 5195 and ITS AGENTS SERVANTS AND EMPLOYEES

69. Plaintiff repeats the foregoing allegations

70. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

71. Despite the innocence of the plaintiff, the defendants VFW POST 5195 and JOHN DOE 1-5 arrested and/or assaulted him and or failed to intervene to prevent said false arrest and assault.

72. Defendant's actions in making false allegations against the plaintiff ,in injuring him, in arresting him, in incarcerating him, in forcing him to make repeated appearances

in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

73. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intensional infliction of mental distress.

### TENTH CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST VFW POST 5195 and ITS AGENTS SERVANTS AND EMPLOYEES

74. Plaintiff repeats the foregoing allegations

75.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

76. Despite the innocence of the plaintiff, the defendants assaulted and arrested him and or failed to intervene to prevent said false arrest.

77. Defendant's actions in making false allegations against the plaintiff ,in injuring him,  in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

78. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress.

### ELEVENTH CLAIM FOR VIOLATION OF THE NEW YORK STATE GENERAL OBLIGATIONS LAW SECTION 11-101- (1)

79. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

80. That at all times herein mentioned the defendant VFW Post 5195 was the owner, lessee, permitee or other wise in possession of the bar known as VFW Post 5195 located at 325 Van Brunt Street, County of Kings, City and state of New York

81. That at all times herein mentioned, the defendant VFW Post 5195 operated the premises at 325 Van Brunt Street as a bar and tavern for the purpose of selling alcoholic beverages to the public.

82. That on or about the 5th day of February, 2012 at about, the plaintiff JOSE RIVERA was lawfully present in the premises described above at 325 Van Brunt Street, County of Kings, City & state of New York

83. That on or about the 5th day of February, 2012 the defendants POLICE OFFICER JOHN DOE 1–10, POLICE OFFICER CARLOS ALVEREZ, POLICE OFFICER CURTIS WILLIAMS, SGT. JOSEPH STRANO, POLICE OFFICER DANIEL JARVIS, JOHN ANTHONY KRUITHOFF and John Doe 1-5 and JOHN DOE 6-10 were patrons in the establishment known as VFW POST 5195, and for a compensation, were served alcoholic beverages.

84 .That the defendant VFW POST 5195, its agents, servants and employees, continued to serve the defendants POLICE OFFICER JOHN DOE 1–10, POLICE OFFICER CARLOS ALVEREZ, POLICE OFFICER CURTIS WILLIAMS, SGT. JOSEPH STRANO, POLICE OFFICER DANIEL JARVIS,  JOHN Doe 1-5 and JOHN DOE 6-10   alcoholic beverages after said defendants were rendered intoxicated.

85. That the assault and other tortious acts committed upon the plaintiff was done after the defendant VFW POST 5195, it agents, servants and employees had served the defendants mentioned above unreasonable amounts of alcoholic beverages.

86. That on or about the time and place as aforesaid, the defendant VFW POST 5195, its agents, servants and employees, served alcoholic beverages to JOHN DOE 1-5 and or JOHN DOE 6-10 and/or POLICE OFFICER CARLOS ALVAREZ and/or POLICE OFFICER CURTIS WILLIAMS and/or SGT. JOSEPH STRANO and/o POLICE OFFICER DANIEL JARVIS and/or ANTHONY KRUITHOFF and/or POLICE OFFICER JOHN DOE 1-10 while said defendants were in a viably intoxicated condition.

87. That by reason of the foregoing, the aforesaid defendants assaulted the plaintiff, causing the injuries as aforesaid .

88. That the defendant VFW POST 5195, it agents, servants and employees was negligent in that said defendant negligently, carelessly and unlawfully served alcoholic beverages in such a quantity as to cause the said defendants to be rendered intoxicated, that the said defendant negligently, carelessly and unlawfully served alcoholic beverages to the other defendants after they had become intoxicated, that the defendant VFW POST 5195, its agents, servants and employees failed and omitted to prevent an assault to be committed upon the plaintiff, and that the defendant VFW POST 5195 was otherwise careless, reckless and negligent.

89. That by reason of the foregoing, VFW POST 5195 is liable to the plaintiff under New York State General Obligations Law  Section 11-101- (1)

90. That by reason of the foregoing the plaintiff JOSE RIVERA was rendered sick, sore lame and disabled, was severely injured, especially in his foot and ankle, was forced to spend money for medical and hospital treatment and will be further compelled to do so in the

future, was forced to undergo surgical procedures, was disabled from his normal occupation and will be so disabled in the future, and will , upon information and belief suffer a permanent disability

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

    January 19th, 2012.

                                   -------------------------------------------
                                   MICHAEL COLIHAN (MC-0826)
                                    Attorney for the Plaintiff
                                    44 Court Street
                                    Suite 906
                                    Brooklyn, NY 11201
                                    (718) 488-7788

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

JOSE A. RIVERA

                        Plaintiff

   -against-                               FOURTH AMENDED

                                          COMPLAINT

                                    PLAINTIFFS DEMAND

THE CITY OF NEW YORK et al         TRIAL BY JURY

                                    12-cv 1379

                        Defendants

-------------------------------------------------------------------------X

      MICHAEL COLIHAN- ATTORNEY AT LAW

                                                   44 Court Street

                                                      Suite 911

                                      Brooklyn, New York 11201

Phone (718) 488-7788